UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREW J. WELLS, | Case No. |
| Plaintiff, | COMPLAINT |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

COMES NOW the plaintiff, Andrew J. Wells, and hereby pleads and alleges as follows:

## I.   PARTIES

1.1   <u>Plaintiff Andrew J. Wells</u>.   Plaintiff Andrew Wells was at all relevant times residing in Snohomish County, State of Washington.

1.2   <u>Defendant United States of America</u>.   Defendant United States of America was at all material times acting through the United States Postal Service (hereinafter "USPS) and its employee and/or agent, Thanh P. Nguyen.   Defendant United States of America created the United States Postal Service (hereinafter "USPS") as an independent agency of the executive branch. USPS was created and is governed by the Postal Reorganization Act

("PRA"), 39 U.S.C. §§ 101 – 5605. Defendant United States of America by and through the USPS is engaged in commerce and does business in King County, Washington. At all relevant times, Thanh P. Nguyen was a United States Postal Service employee and, therefore, an employee of the United States of America for purposes of 28 U.S.C. § 1346. Defendant United States of America is vicariously liable for the acts and/or omissions of its employee and/or agent as described herein under the legal theories of principal/agent, master/servant, and/or respondent superior.

## II. JURISDICTION AND VENUE

2.1     <u>Jurisdiction</u>.  Subject matter jurisdiction is predicated on federal question jurisdiction under 28 U.S.C. § 1331.  The court also has jurisdiction under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), 2671-2680, as well as pendant and supplemental subject matter jurisdiction over the state law claims under 28 U.S.C. § 1367.

2.2     <u>Venue</u>.  Venue is proper in this district court under 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in this district.

## III. FACTS

3.1     On July 23, 2019, Thanh P. Nguyen was employed by Defendant United States of America through its federal agency the United States Postal Service.

3.2     On July 23, 2019, Thanh P. Nguyen was driving an automobile in the City of Seattle, King County, Washington.

3.3     Thanh P. Nguyen was driving an automobile owned, operated, and maintained by Defendant United States of America through its federal agency the United States Postal Service.

3.1     Thanh P. Nguyen was driving southbound on 15th Ave NE in the curb lane just north of the intersection of 15th Ave NE and NE 125th Street.

3.2     Thanh P. Nguyen was stopped for a red light.

3.3     Thanh P. Nguyen intended to turn right onto westbound NE 125th Street.

3.4     Andrew Wells was standing on the northwest corner of the intersection of 15th Ave NE and NE 125th Street.

3.5     Andrew Wells waited for the north/south crosswalk signal to change allowing him to cross NE 125th Street.

3.6     The crosswalk signal for north/south pedestrian traffic changed allowing pedestrians to cross.

3.7     After the crosswalk signal for north/south pedestrian traffic changed to a "walk" signal, Andrew Wells stepped off the curb entering into the marked crosswalk.

3.8     As Andrew Wells walked in the marked crosswalk with the "walk" signal, Andrew Wells was hit by the USPS motor vehicle driven by Thanh P. Nguyen.

3.9     Thanh P. Nguyen failed to yield the right-of-way to a pedestrian in a marked crosswalk.

3.10    At the time of the collision, Thanh P. Nguyen was acting within the course and scope of his employment with the United States Postal Service.  United States of America is the proper defendant.

3.11    The tortious conduct of Thanh P. Nguyen was a proximate cause of the collision and the resulting injuries and damages suffered by the plaintiff, Andrew Wells.

3.12    Defendant United States of America is vicariously liable for the acts and/or omissions of its employee and/or agent, including Thanh P. Nguyen, as described herein under the legal theories of principal/agent, master/servant, and/or respondent superior.

## IV. CAUSES OF ACTION – DEFENDANT UNITED STATES OF AMERICA

4.1 Plaintiff Andrew Wells incorporates the previous allegations of the Complaint.

4.2 Defendant United States of America's employees and/or agents had a duty to exercise ordinary care to avoid placing himself and/or others in danger.

4.3 Defendant United States of America's employees and/or agents had a duty to exercise ordinary care to avoid a collision.

4.4 Defendant United States of America's employees and/or agents had a duty of care to act reasonably.

4.5 The driver of a vehicle approaching a crosswalk has a duty of continuous observation.

4.6 Pursuant to RCW 46.61.235(1), the driver of an approaching vehicle shall stop and remain stopped to allow a pedestrian to cross the roadway within a crosswalk when the pedestrian is upon the roadway on which the vehicle is traveling or onto which it is turning either upon, or within one lane of, the half of the roadway on which the vehicle is traveling or onto which it is turning.

4.7 A pedestrian within a crosswalk has the right to assume that all drivers of approaching vehicles will yield the right of way to the pedestrian.

4.8 Plaintiff Andrew Wells was the favored user of the roadway with the right-of-way.

4.9 Defendant United States of America's employees and/or agents, including but not limited to Thanh P. Nguyen, failed to exercise ordinary care to avoid placing others in danger, including but not limited to Plaintiff Andrew Wells.

4.10    Defendant United States of America's employees and/or agents, including but not limited to Thanh P. Nguyen, failed to exercise ordinary care to avoid causing a collision.

4.11    The tortious conduct of Defendant United States of America's employees and/or agents, including but not limited to Thanh P. Nguyen, was a proximate cause of injuries and damages to Plaintiff.

4.12    Defendant United States of America is vicariously liable for the tortious conduct of its employees and/or agents, including but not limited to Thanh P. Nguyen.

## V.    DAMAGES

6.1    Plaintiff Andrew Wells incorporates the previous allegations of the Complaint.

6.2    The tortious conduct of Defendant was a proximate cause of injuries and damages to the plaintiff, Andrew Wells.  Mr. Wells has incurred medical expenses, lost earnings, loss of earning capacity, and with reasonable probability is expected to incur further medical expenses, lost earnings, and loss of earning capacity in the future and has undergone pain and suffering, disability, disfigurement, and loss of enjoyment of life, and with reasonable probability will continue to do so in the future, and property damage, and other damages, all in an amount to be proven at the time of trial.

6.3    Plaintiff Andrew Wells' damages were not caused by any fault on his part, but were caused solely by the tortious acts and omissions of Defendant United States of America's employee and/or agent, Thanh P. Nguyen.

6.4    No other individuals or entities caused Plaintiff's injuries and damages.

## VI.    RESERVATION OF RIGHTS

6.1     Reservation of Rights.  Plaintiff Andrew Wells reserves the right to assert additional claims as may be appropriate following further investigation and discovery.  On May 21, 2021, Plaintiff Andrew Wells submitted claims to the United States Postal Service under the Federal Tort Claims Act.  On June 29, 2021, Defendant USPS confirmed that it was in receipt of the claim and was reviewing it.  Plaintiff hereby expressly reserves the right to amend this complaint to add additional causes of action under the Federal Tort Claim Act as discovery reveals additional information.

## VII.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.     For a judgment of liability in favor of Plaintiff and against Defendant;

2.     For an award of damages in favor of Plaintiff and against Defendant in an amount to be proven at the time of trial;

3.     For prejudgment interest at the statutory rate on economic damages incurred by Plaintiff;

4.     For Plaintiff's costs and disbursements herein and a reasonable attorney's fee;

5.     For such further relief as to the Court seems just.

DATED this 14th day of July, 2022.

> s/ Gregory S. Colburn
> Gregory S. Colburn, WSBA #41236
> Colburn Law
> 22500 SE 64th Place, Suite 200
> Issaquah, WA  98027
> Telephone:  (206) 919-3215
> Email:  greg@colburnlaw.com
> *Attorneys for Plaintiff Andrew Wells*